In the Matter of Acquiring Title by THE CITY OF NEW YORK to Certain Lands and Premises Situated on Sunswick Street, Van Alst Avenue, Ely Avenue, South Jane Street, William Street, Crescent Street, Prospect Street, Hunter Avenue and Jackson Avenue, in the Borough of Queens, City of New York, Duly Selected as a Site for an Addition to the Queens Borough Bridge by the Department of Plant and Structures, and Approved by the Board of Estimate and Apportionment, According to Law. JOHN J. BEATTY, Appellant; THE CITY OF NEW YORK, Respondent.— Order denying claimant's motion to require the corporation counsel to tax costs, charges and expenses in this proceeding pursuant to section 1438 of the Greater New York Charter reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted. This proceeding has in effect been treated as if it were an application for a mandamus order. Under section 1438 of the charter it is the duty of the corporation counsel to tax the costs, to the end that the claimant may be paid for his services, if any, rendered in this proceeding. He has the amount of appellant's claim before him and a statement of the nature of the services claimed to have been rendered. He should move on that data. He can obtain, with its use, the comptroller's audit, which the latter official can make favorable or unfavorable, in whole or in part, in accordance with his view of the data already furnished by the claimant. He may not withhold " the result of such audit and examination " by exacting or imposing requirements on the claimant in respect of the furnishing of further information respecting the claim. If the information furnished by the claimant is insufficient to warrant a favorable audit, then the comptroller is under a duty to state the result of his audit and examination, even though it be unfavorable, because of the claimed meagre character of the data upon which he is called to act, but act he must to the end that the matter may then be presented to the Special Term, which alone can, with finality, fix the value of the services, if any, rendered by the claimant. When the matter comes on before the Special Term, then only is the requirement of the statute operative and mandatory, in so far as it states " Proof by affidavit shall also be given of the dates of rendering

services." At that time the court may require compliance by claimant with that provision and also require him, by any other proof, to satisfy the court respecting the amount of his claim for services. To hold otherwise would enable the comptroller and corporation counsel, by taking contradictory positions as to who is to act first, and upon what data they are to act, to prevent claimant indefinitely from getting such money as he may be entitled to, by the only means authorized, to wit, a taxation of costs, moved for by the corporation counsel, of which motion the claimant can be apprised, in order that he may justify before the court the amount of his claim previously submitted to the corporation counsel. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.